UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

*June 15, 2026*

Nathan Ochsner, Clerk of Court

KRISTIAN ZUZEK
Plaintiff,

v.

UNITED STATES FEDERAL GOVERNMENT,
FEDERAL COMMUNICATIONS COMMISSION
(CHAIRMAN BRENDAN CARR), et al.,
Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
/

Civil Action No.:

COMPLAINT FOR A CIVIL ACTION

NOT A JURY TRIAL

## Table of Contents

I. Parties to this Complaint ....................................................................................................... 2

   A. The Plaintiff............................................................................................................................ 2

   B. The Defendants..................................................................................................................... 2

II. Basis for Jurisdiction ............................................................................................................ 4

   A. Federal ................................................................................................................................... 4

III. Statement of Claim .............................................................................................................. 5

   Paragraph 1)............................................................................................................................... 5

   Paragraph 2)............................................................................................................................... 7

   Paragraph 3).............................................................................................................................. 10

   Paragraph 4).............................................................................................................................. 11

   Paragraph 5).............................................................................................................................. 12

   Paragraph 6).............................................................................................................................. 13

   Paragraph 7).............................................................................................................................. 13

   Paragraph 8).............................................................................................................................. 13

   Paragraph 9).............................................................................................................................. 14

   Paragraph 10)............................................................................................................................ 14

   Paragraph 11)............................................................................................................................ 14

   Paragraph 12)............................................................................................................................ 15

IV. Relief.................................................................................................................................... 16

   Paragraph 13)............................................................................................................................ 16

   Paragraph 14)............................................................................................................................ 17

Paragraph 15) ....................................................................................................................... 17

Paragraph 16) ....................................................................................................................... 17

Paragraph 17) ....................................................................................................................... 18

Paragraph 18) ....................................................................................................................... 18

V. Certification and Closing ....................................................................................................... 18

A. For Parties Without an Attorney ........................................................................................ 18

B. For Attorneys ....................................................................................................................... 19

CERTIFICATE OF SERVICE ............................................................................................................ 20

# COMPLAINT FOR A CIVIL ACTION

## I. Parties to this Complaint

### A. The Plaintiff

Plaintiff No. 1

| | |
|---|---|
| Name: | Kristian Zuzek |
| Job or Title (if known): | |
| Street Address: | 8214 Candlegreen Lane |
| City and County: | Houston, Harris County |
| State and Zip Code: | Texas |
| Telephone Number: | 832 729 6640 |
| Email address (if known): | kristian@zuzek.net |

### B. The Defendants

Defendant No. 1

| | |
|---|---|
| Name: | Doe 1 |
| Job or Title (if known): | |
| Street Address: | |
| City and County: | |
| State and Zip Code: | |
| Telephone Number: | |
| Email address (if known): | |

Defendant No. 2

| | |
|---|---|
| Name: | Doe 2 |
| Job or Title (if known): | |
| Street Address: | |

City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 3

Name:                                    Doe 3
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 4

Name:                                    Doe 4
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 5

Name:                                    Doe 5
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 6

Name:                                    Doe 6
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 7

Name:                          United States Federal Government
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
Email address (if known):

Defendant No. 8

Name:                          Federal Communications Commission
Job or Title (if known):
Street Address:                45 L Street NE
City and County:               Washington, DC
State and Zip Code:            20554
Telephone Number:              1-888-225-5322
Email address (if known):

Defendant No. 9

Name:                          Brendan Carr
Job or Title (if known):       Chairman Federal Communications Commission
Street Address:                45 L Street NE
City and County:               Washington, DC
State and Zip Code:            20554
Telephone Number:              1-888-225-5322
Email address (if known):

# II. Basis for Jurisdiction

This is a federal question, under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.

## A. Federal

Statutes and Provisions of the United States Constitution that are at issue in this case:

1) 18 U.S.C. § 245 Violent Interference with Federally Protected Rights: 18 U.S.C. § 245(b)(1)(C), 18 U.S.C. § 245(b)(2)(C), 18 U.S.C. § 245(b)(2)(E), 18 U.S.C. § 245(b)(2)(F),

2) 42 U.S.C. § 1983 - Civil action for deprivation of rights & Bivens Actions 403 U.S. 388 (1971)

3) 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights: 42 U.S. Code § 1985 (1), 42 U.S. Code § 1985(2)

4) 18 USC § 1513 Retaliating against a witness, victim, or an informant

5) 18 USC § 1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy

6) U.S. Constitution Amendment 4

7) U.S. Constitution Amendment 5

8) U.S. Constitution Amendment 8

9) U.S. Constitution Amendment 14

10) 42 U.S. Code § 3631 - Violations

11) 18 USC 242: Deprivation of rights under color of law

12) eCFR Title 47 Telecommunications

13) 5 U.S. Code § 706 - Scope of review, 5 U.S. Code § 552-559 Administrative Procedure Act

14) 18 USC 1385: Use of Army, Navy, Marine Corps, Air Force, and Space Force as posse comitatus

15) 50 U.S. Code § 1641 - Accountability and reporting requirements of President

16) 18 U.S. Code § 2331 - Definitions

17) USC Title 28-JUDICIARY AND JUDICIAL PROCEDURE §1746 "Unsworn declarations under penalty of perjury"

18) 18 U.S. Code § 1589 - "Forced labor"

19) "International Covenant on Civil and Political Rights"

20) 18 U.S. Code § 241 - "Conspiracy against rights"

## III. Statement of Claim

Paragraph 1) During the pretrial period of the dismissed without prejudice civil action 4:25-cv-04452 Sept 19, 2026 through to the complaint refiling date May 22, 2026 and [4:25-cv-04452 Docket 32]"ORDER denying 30 MOTION to Reopen Civil Action" on June 3, 2026 "Does" 1 through 6, the "Unknown Persons" of the "Federally expensed terrorist organization" attempted to intimidate the

Plaintiff inside and outside his residence 24 hours per day, 60 minutes per hour, and 60 seconds per minute some minutes; also while driving to and from the court, walking in and out of the court building, and in the court building, alleged as 42 USC 1985(2) violations and 18 USC 242 "Deprivation of rights under color of law", and described similarly in [4:25-cv-04452 Docket 27] "MOTION for Relief from Order re: 26".  These attempted intimidations are from the usual source, the "delusion support network", a communications network of surveillance, data centers, office buildings, and ultrasonic speakers or similar technology for generating hidden sound devices for the planned, intended purpose of molesting and assaulting the Plaintiff and not only the Plaintiff.  Not every "assault" is a sound generated at 90 decibel but a sum of 1000 14 decibel sounds is the same force as a 74 decibel sound and 1000 74 decibel sounds sums to a 134 decibel sound.  How much force is an assault? If the judge was shot from 1 kilometer away by a gun having a 1 kilometer range resulting in a 14 decibel impact, ostensibly not piercing the skin, would the judge have been assaulted? If the judge was shot once per second from this same distance by this same gun during 1000 seconds, would the judge have been assaulted?  Before, during, and after the pretrial period of 4:25-cv-04452, the plaintiff has explained to the "federally expensed terrorist organization" operatives during their acts that the plaintiff expects a recording of the performed hate crime, civil rights violations, legal fraud, and terrorist acts be made available to the judge by admission of fact or video and audio. The plaintiff addressed Judge Ellison via the "delusion support network" during their acts during the pretrial period of civil action 4:25-cv-04452 as proof of 42 USC 1985(2) violations and the "delusion support network" infrastructure including not only surveillance but sound generating capability.  It seems within 5 U.S. Code § 706 - "Scope of review" that the judge for this yet to be filed complaint could order production of a recording or admission of this exchange between the Plaintiff and Agents, who if were present rather than hiding behind the "delusion support network", could be more easily identified and their Agency named on this complaint.  This is the same answer the Plaintiff answered by telephone to Judge Ellison on June 2, 2026

during a Status Conference when a related question was asked.  For the time being the "federally expensed terrorist organization" remains an unknown Agency; the "delusion support network" operations an unknown determination originating in some Agency or part of the federal government not defined as Agency in 5 U.S. Code § 551 - "Definitions".  The Plaintiff makes complaint about being sentenced by an unknown court to punishment via the delusion support network not dissimilar to cruel and unusual punishment.

Paragraph 2) On May 18, 2026 Judge Keith Ellison dismisses civil action 4:25-cv-04452 without prejudice.  It is not only plausible, it was possible, and implemented commercially and militarily to use ultrasonic speakers or similar technology also described as acoustic hailing devices as shown in [4:25-cv-04452 Docket 15]"Opposition to 13 MOTION TO DISMISS": The cited ".mil" URL has changed but the cited webpage was captured by "archive.org" (https://web.archive.org/web/20260124231725/https://jifco.defense.gov/Current-Intermediate-Force-Capabilities/Acoustic-Hailing-Devices/).  A judge denying that infrastructure designed to not leave easily recordable evidence should not be disclosed or subpoenaed because that infrastructure was designed to not leave easily recordable evidence would be depriving the rights to fair adjudication and due process alleged as violations of "18 USC 242: Deprivation of rights under color of law".  There are numerous statutes in the Administrative Procedure Act (5 U.S. Code § 552-559) and Judicial Review (5 U.S. Code § 706 – "Scope of review") and the Federal Rules of Civil Procedure giving judges and courts right to order access to information that the Department of Justice, their attorneys, and the judge ignored.  To quote the Assistant U.S. Attorney [4:25-cv-004452 Docket 13]"Motion to Dismiss for Failure to State a Claim", *"Moreover, there are no allegations related to the federal government or specific federal agencies or actors. Plaintiff has failed to plausibly plead a claim, and his complaint should be dismissed"*.  To cite paragraph 1 of this complaint, "[Agents] who if were present rather than hiding behind the "delusion support network", could be more easily identified and their Agency named on this complaint", and to

quote [4:25-cv-04452 Docket 30]"Motion to Reopen Civil Action", "*It is plausible that there is no "delusion support network" but the Plaintiff thinks that in the physical reality, it is not possible that there is no "delusion support network". Whether the physical reality and the legal rulings match is a measure of injustice*". Being ignorant, willing to cover up fraud or conspiracy, or unwilling to find the part of the federal government owning, operating, or contracting the "delusion support network" does not mean that evidence does not exist then or now and that unknown agents are not molesting and assaulting the Plaintiff while the Plaintiff reads the possible fraud or negligence of an Assistant U.S. Attorney. Also, quoting Judge Ellison [4:25-cv-04452 Docket 32]"ORDER denying 30 MOTION to Reopen Civil Action", "*Plaintiff's Refiled Complaint fails to cure the defects of the Original Complaint and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)*". The Plaintiff can agree that financial compensation for lost earnings may not be a valid relief against Agency determination to discontinue the plaintiff's current at the time employment, employment interviews and future employment opportunities through molesting, assault, sleep deprivations, and torture via the "delusion support network", but this Agency determination would be far outside the limits of a mountain of public law already and yet to be cited. An injunction against these Agency acts performed against the Plaintiff is far within the bounds of public law and the remit of a Judge to suggest to the Plaintiff to drop the financial demands compensating lost earnings replaced by injunctive relief as an approach to remedy the defects of the Plaintiff's original complaint. Without trying to be repetitive, but if the Federal Government is not the owner, operator, or contractor of the "delusion support network" then would the United States Federal District Courts be a jurisdiction in which the owner, operator, or contractor of the "delusion support network" could be identified? The Plaintiff has searched "zuzek" in the federal register and has found no published document of becoming claimed as the property of the federal government: The Plaintiff's loss of the property of the self which also appears to carry nonclaimable economic losses is now also abetted by the Federal District Courts, not only caused by the "federally expensed terrorist

organization" unless these are the same legal entities. The Plaintiff makes complaint of the negligence of the United States Attorneys and Judge Ellison. Where in the Federal Register is the "Delusion Support Network" and why did the department of justice find producing such documents a burden and costly requiring a stay of discovery (5 U.S. Code § 552(a)(1)(E))? If the "delusion support network" is an executive order then where are the presidential reports to congress and why did the department of justice find producing such documents a burden and costly requiring a stay of discovery (50 U.S. Code § 1641(c))? If the science underlying contemporary statutes written during some bygone era are not able to prosecute the uses of science as technology in the year 2026 then the Plaintiff is not proven wrong or claims false, the justice system and legislature is proven to be at failure due to the evidence. The Plaintiff does not think the court or the Federal government should have reliance on ignorance and complicity to recruit party to alleged planned civil violations and criminal acts. The Plaintiff has made three (3) FOIA requests for documents related to agency determination of the "delusion support network" operations before filing the [4:25-cv-04452 Docket 1]"complaint for a civil action". The Plaintiff is not trying to be conclusory by describing a network of computers operated by people in Federal buildings, connected by Internet Protocol networks to commercial or government data centers including targeting software to control ultrasonic speakers or similar technology, transmitting voice synthesized readings of text stored in databases: Also surveillance inputs into these same data centers used as automated inputs to algorithms automating output of voice synthesized readings from databases, not only manual inputs from "delusion support network" operators forming part of a "federally expensed terrorist organization". The Federal government can be more than one "federally expensed terrorist organization", but the "delusion support network" is a physical reality. If the exception of "national security" is cited to withhold information then I would cite 18 U.S.C. § 1385 Posse Comitatus Act limiting use of military for domestic law enforcement without constitutional or congressional act. Also, then which agencies or departments are considered "national security" or

"intelligence community" and are excluded from public law and by who? It is in the public interest not to be subjected to persons who are not liable for their actions due to ostensible extrajudicial supreme rights, citing "JUDICIAL REVIEW" 5 U.S. Code § 706 – "Scope of review". Not finding the source of the "delusion support network" is aiding this injustice and prejudice, causing irreparable harm to the Plaintiff and all others who are being deprived of their rights while having time wasted by planned alleged molesting, assaulting, sleep depriving, and torturing via the "delusion support network". The Plaintiff makes complaint of serial acts planned and intended to be difficult to record the evidence of for the purpose of protecting believed extrajudicial rights of unknown persons of an unknown agency of unknown determinations operating the "delusion support network" as described by 5 U.S. Code § 706 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right (C) in excess of statutory jurisdiction.

Paragraph 3) On July 8, 2025 Plaintiff records a video of the spectrum analyzer of a radio receiver in his residence. To quote [4:25-cv-04425 Docket 15]"Opposition to 13 MOTION TO DISMISS", "The video is timestamped July 8, 2025 02:35 (2025-07-08 02:35) and geolocated at the plaintiff's court filed residential address by iOS". Due to eCFR 27 Telecommunications, the Federal Communications Commission is a jurisdiction of this recording of evidence. The Plaintiff alleges that this signal is not an AM or FM broadcast signal but the ordering of air molecules from a phased array ultrasonic speaker causing electromagnetic radiation from excited air particles. The greatness of the signal is a function of the equipment used. Regardless of acoustic or electromagnetic origin, the FCC regulates the frequencies visible in the video on the spectrum analyzer. These and similar signals and sounds have been heard from thousands (1000) to possibly hundreds of thousands (100,000) of times during the previous 11 plus years. More sophisticated technology can generate signals transferring sounds more similar to human voice and music than the recorded "shot" sound without radio receivers receiving a signal. Citing electronic Code of Federal Regulations "e-CFR" title 47 Telecommunications, does not

place the FCC in a Federal conspiracy against rights (18 U.S. Code § 241 - "Conspiracy against rights") or worse but the FCC should know the technology being used and those persons or legal entities allocated this spectrum or that the signal is of acoustic origin.  The FCC is probably not the assailant but if the delusion support network is supposed to be a form of communication then the FCC should be able to provide expert witness.  The Plaintiff does not believe that "delusion support network" operators exercise free speech via the "delusion support network".  If the Federal government denies being the assailant then why is the Federal government not interested in the equity of Justice by discovering who owns and operates the "delusion support network"?  Plaintiff makes complaint of 18 U.S. Code § 241 - "Conspiracy against rights".

Paragraph 4) The plaintiff has a statistical analysis proving his "injustice measures", surrogate for the operations data and formats and operations reports requested in [4:25-cv-04452 Docket 16 item 10A page 5 to 9, item 13 page 10 to 11] "JOINT DISCOVERY/CASE MANAGEMENT PLAN" and [4:25-cv-04452 Docket 21]"REQUEST for Production of Documents", which can be correlated to Agency action of the "delusion support network" surveilling and interfering judicial action, not only depriving the rights of the Plaintiff.  This surrogate data should be calibrated to and replaced by Agency operations data or admission further proving the Plaintiff's allegations.  The surrogate "injustice measures" are text messages or emails sent when the "delusion support network" is audible.  These surrogate data are analyzed and their efficacy proven in the "Motion for Temporary Restraining Order and Injunctive Relief" filed simultaneously with this complaint.  Is the Plaintiff Forced Labor integral to developing unfreeing and unliberating technologies used by the "federally expensed terrorist organization" as 18 U.S. Code § 1589 - "Forced labor"?  Federal programs should not depend on the plaintiff and neither should federal employees, elected officials, appointed officials, or federal contractors depend on molesting, assaulting, sleep depriving, and torturing the plaintiff for financial incentive or to minimize their risk of being sued or prosecuted. If the plaintiff is as integral to a federal program as the statistics

show, to the extent that the plaintiff is a resource of this federal program then there should be record of this dependency in public law or court document. The plaintiff does not have document of federal claim to being the property of the federal government or the cruel and unusual punishment of forced labor via the "delusion support network". The plaintiff does not have tax revenue and does not want to issue debt to finance the government's dependency on the plaintiff. How is it possible that the federal government does not own, operate, or contract the "delusion support network" if the "delusion support network" is audible on interstate highways, in federal court buildings, and everywhere else the Plaintiff has alleged? Is the court willing to perjure itself by claiming the Plaintiff has not heard a "federally expensed terrorist organization" operative mention via the "delusion support network" the legal filing writing transported in a brown envelope waiting to be filed while the plaintiff stands in line in the clerk's office? How did the "federally expensed terrorist organization" operative know what was written? Because they use the "delusion support network". The Plaintiff makes complaint of being Forced Labor used to develop unconstitutional technologies. Also, the claim that this would only qualify as punitive damages and "a failure to state a claim" for economic damages is a stretch of the imagination: No person or corporation has access to the data of the "federally expensed terrorist organization" sexually molesting the Plaintiff in a room into which no person can see without the "delusion support network" or similar technology. Is their investment plan of America based on the expansionary fiscal policy of sexual molesting data? The Plaintiff makes complaint of violation and deprivation of Civil and Political Rights.

Paragraph 5) On August 24, 2025 at 6pm while Plaintiff Kristian Zuzek was driving to and eating dinner at Zanti on Gray Street in the city of Houston, County of Harris, State of Texas, Unknown Persons are alleged to have restarted an ongoing; 42 U.S. Code § 1983 - Civil action for deprivation of rights; and Violent Interference with Federally Protected Rights, 18 U.S.C. § 245 (b)(2)(E) and (b)(2)(F); planned assault via ultrasonic sound transmitters or similar technology, performing low decibel assault.

Paragraph 6) On November 22, 2024 at 4pm while Plaintiff Kristian Zuzek was video interviewing with Portland General Electric from the city of Houston, County of Harris, State of Texas, to the city of Portland, County of Multnomah, State of Oregon, Unknown Persons are alleged to have interfered communication between interviewing parties via ultrasonic sound transmitters or similar technology interrupting the continuity of interaction prejudicing the hiring process alleged as 18 U.S.C. § 245(b)(2)(C) violations.  The Plaintiff does not believe he is guaranteed employment due to being interviewed.

Paragraph 7) On October 23, 2024 at 4pm while Plaintiff Kristian Zuzek was video interviewing with Bonneville Power Administration from the city of Houston, County of Harris, State of Texas, to the city of Portland, County of Multnomah, State of Oregon, Unknown Persons are alleged to have interfered via ultrasonic sound transmitters or similar technology interrupting continuity of interaction prejudicing the hiring process alleged as 18 U.S.C. § 245(b)(1)(C) violations. The Plaintiff does not believe he is guaranteed employment due to being interviewed.  5 U.S. Code § 552 – "Public information; agency rules, opinions, orders, records, and proceedings" (f) For purposes of this section, the term—(1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.  5 U.S. Code § 552a - "Records maintained on individuals" (g)(5) "An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides ... within two years from the date on which the cause of action arises".

Paragraph 8) On June 16, 2022 at 3:30pm while Plaintiff Kristian Zuzek was video interviewing with AMGEN from the city of Houston, County of Harris, State of Texas, to the city of Thousand Oaks, County

of Ventura, State of California, Unknown Persons are alleged to have interfered via ultrasonic speakers or similar technology and emitters causing threatening vibrations and generating heat interrupting the continuity of interaction prejudicing the hiring process alleged as 18 U.S.C. § 245(b)(2)(C) violations. The Plaintiff does not believe he is guaranteed employment due to being interviewed.

Paragraph 9) Since September 14, 2014 while Plaintiff Kristian Zuzek was working at vAuto in the City of Austin, County of Travis, State of Texas, through to today including the time between October 2015 to November 2016 while Plaintiff Kristian Zuzek was working at Just Energy in the city of Houston, County of Harris, State of Texas, and working from home, Unknown Persons are alleged to have interfered via ultrasonic speakers or similar technology interrupting continuity of thought needed for self development, causing sleep deprivation, and torture alleged as Hostile Work Environment as Title VII of the Civil Rights Act of 1964 in addition to already cited statute for deprivation of rights and conspiracy against rights.

Paragraph 10) During the time between September 14, 2014 and October 3, 2014, while Plaintiff Kristian Zuzek was sleeping or awake, on foot or by car, in the city of Austin, County of Travis, State of Texas, Unknown Persons via ultrasonic speakers or similar technology were encouraging Plaintiff to resign from employment and not attend the court date for the Plaintiff's ordered release from probation alleged as a conspiracy to interfere with civil rights 42 U.S. Code § 1985(2), deprivation of rights and conspiracy against rights.

Paragraph 11) The plaintiff has asked multiple times for the agents to identify themselves when being sleep deprived and tortured via the delusion support network. If the agent audible via the delusion support network is from an agency having valid jurisdiction and determination then the agent identifying themselves is proof of their valid agency, but if the agent is performing a criminal act and civil

violations then identifying themselves is proof supporting plaintiff's accusations of their invalid jurisdiction and invalid agency and criminal determinations, they are terrorists. The delusion support network is completely uncovered and detectable, denying this fact is not for national security, it is insane. The "federally expensed terrorist organization" tried to cause the plaintiff to crash multiple times while driving his parents, sister, nieces, and nephew during a road trip to Florida and another trip to Slovenia, not only to and from work. Targeting a driver is dangerous to the driver, passengers, and other road going persons. This complaint is not unique to me and the plaintiff would allege this is the source of some road accidents or "fake" suicides. 18 U.S. Code § 2331 - Definitions (5) the term "domestic terrorism" means activities that— (A)involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B)appear to be intended— (i)to intimidate or coerce a civilian population; (ii)to influence the policy of a government by intimidation or coercion; (iii)... and (C)occur primarily within the territorial jurisdiction of the United States;. How many politicians have the Plaintiff and others not been able to hear debate or vote for because these politicians are not preapproved for "puppet government" candidacy by the unknown Agency and believed jurisdiction financing and determining "delusion support network" operations? The Plaintiff makes complaint of terrorist acts.

Paragraph 12) The Plaintiff assumes this complaint if approved restarts a Conspiracy to interfere with civil rights as 42 U.S. Code § 1985(1) and 42 U.S. Code § 1985(2) by means of threatening or intimidating judges, lawyers, attorneys, parties to the complaint, potential witnesses, and all persons willing to testify or recognize the infrastructure described previously such as ultrasonic speakers or similar technology used by federal agents, federal employees, or federal contractors believing extrajudicial rights against all people and against all persons: As described by 18 USC §1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy, and 18 USC §1513 Retaliating against a witness, victim, or an informant.

## IV. Relief

Paragraph 13) Plaintiff demands for judgement against Defendants; the United States Federal Government, and citing Bivens action 403 U.S. 388 (1971), Federal Agents not providing their identity, the identity of the legal entity they represent, providing no warrant or legal documents, and cite no court ruling or administrative ruling sentencing the Plaintiff to punishment via the "delusion support network"; Federal Agents who perform a constant search and seizure in violation of the 4th amendment of the United States Constitution by unknown surveillance accompanied by commentary via ultrasonic speakers or similar technology while performing cruel and unusual punishment via the same ultrasonic speakers or similar technology projecting voice synthesized preaching, proclaiming, and commenting contextualized by unknown surveillance sources; assault and torture by ultrasonic speakers, signal emitters, or similar technology in violation of the 8th amendment of the United States Constitution; without due process repurposing all residences and properties, and private and public spaces into a prison and torture camp depriving liberty in violation of the 5th and 14th amendment of the United States Constitution; in the sum of $2,850,064.90 in punitive damages; from lost earnings $0 demanded; from physiological Pain and Suffering caused during and after assault via ultrasonic sound transmitter or similar technology while at physical therapy, employment, sleeping, family occasions, personal occasions, and all nonlisted occasions of $2,656,770.27 including causing planned physiological damage due to the intended sleep deprivation affecting biochemical pathways for tissue regeneration including immune response; and from Defendants attempting to cause forward lifetime lost earnings by forcefully removing Plaintiff from the labor force by using ultrasonic sound transmitters or similar technology to affect via the "delusion support network" hiring decisions remotely and discontinue the continuity of natural social interaction $0 demanded; and $193,294.62 for pain and suffering during the pretrial period of 4:25-cv-04452 as Plaintiff subjected to intimidation and deprivation of rights; plus costs and interest of equity and justice.

Paragraph 14) For nonfinancial relief the plaintiff motions for a Temporary Restraining Order FRCP 65(b) "Temporary Restraining Order" and a Preliminary Injunction FRCP 65(a) "Preliminary Injunction" against the Defendants from continuing or restarting their "delusion support network" operations regardless of the legal entities involved currently described as the "federally expensed terrorist organization" and regardless of the legally defined infrastructure currently described as the "delusion support network". The Motion for Temporary Restraining Order and Preliminary Injuction will be filed simultaneously to this complaint.

Paragraph 15) For nonfinancial relief the plaintiff demands the Federal Communications Commission formally documents what is the recorded signal and what is the source of the recorded signal in the video recorded noted in paragraph 3. Also, formally document what are the communications and communications technologies audible via the "delusion support network".

Paragraph 16) Further nonfinancial relief is demanded as the production of documents from Federal Agencies involved in determining the "delusion support network" operations including admission of the facts the Plaintiff has alleged, not claims by the defendants that despite physical reality proving the Plaintiff's allegations that there is no claim by Federal Rules of Civil Procedure 12(b). Document and admission is relief from injustice. The Plaintiff has proved that his "injustice measures" would correlate highly to the previously and again requested operations data and reports such as the amount of time the delusion support network is audible per day, the distance between the sound generator targeting the plaintiff and the coordinate of the Plaintiff, and the decibel the generator is set to by a "federally expensed terrorist organization" operative or their injustice automation technologies such as software "determination" judgement and analysis.

Paragraph 17) Nonfinancial relief is requested in the form of testimony from previously disclosed witnesses gathered, specifically the Bonneville Power Administration interviewer(s) listed on page 16 of [4:25-cv-04452 docket 16]"JOINT DISCOVERY AND CASE MANAGEMENT PLAN", by the court by order to expedite proceedings including Motion for Preliminary Injunction using USC Title 28-JUDICIARY AND JUDICIAL PROCEDURE §1746. "Unsworn declarations under penalty of perjury" as testimony of an "Affiant for a Summary Judgment" similar if not the identical to FRCP 56 "Summary Judgment" (4) "Affidavits or Declarations". "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated".

Paragraph 18) The Plaintiff acknowledges Punitive damages for manufacturers and service providers of the equipment used to perform and direct these violations would be in addition to or in sharing with the United States Federal Government and Bivens action Defendants's liabilities.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _____ June 15, 2026 _____

Signature of Plaintiff: _____ Kristian Zurek _____

Printed Name of Plaintiff: ___KRISTIAN ZUZEK___

B. For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____


Respectfully submitted,
**PRO SE LITIGANT**
Acting Attorney for Plaintiff, "attorney-in-charge"
8214 Candlegreen Lane
Houston, Texas 77071
Cellular Telephone: (832) 729-6640
kristian@zuzek.net
BY: /s/Kristian Zuzek

BY:___Kristian Zuzek___
KRISTIAN ZUZEK
Texas Bar Number: Not a Texas Bar Member

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand filed to United States District Clerk Nathan Ochsner of record listed below pursuant LR5.3 and Federal Rules of Civil Procedure 5(b)(2)(D) and 5(b)(2)(E) on June 15, 2026 to be distributed to the service list of this civil action by the PACER ECF system.

BY: /s/Kristian Zuzek

BY: _____

KRISTIAN ZUZEK

**SERVICE LIST**

*Kristian Zuzek v. United States Federal Government, et al. , Federal Communications Commission (FCC), FCC Chairman Brendan Carr*

Civil Action No. _____

| United States District Clerk Nathan Ochsner | Federal Communications Commission |
|---|---|
| Mail Address: | 45 L Street NE |
| P.O. Box 61010 | Washington, DC 20554 |
| Houston, TX 77208 | 1-888-225-5322 |
| Delivery Address: | |
| 515 Rusk, Room 5300 | Brendan Carr |
| Houston, TX 77002 | Chairman Federal Communications Commission |
| | 45 L Street NE |
| U.S. Attorney's Office | Washington, DC 20554 |
| Southern District of Texas | 1-888-225-5322 |
| 1000 Louisiana, Ste. 2300 | |
| Houston, TX 77002 | |
| Houston: 713-567-9000 | |
| Fax Line: 713-718-3300 | |
| | |
| United States Attorney General | |
| Department of Justice | |
| 950 Pennsylvania Avenue, NW | |
| Washington, DC 20530 | |
| Phone: 202-514-2000 | |